# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20160-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| MARTIN ARRENDONDO-VALENZUELA, | ) | No. 10-2497-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #310) filed September 3, 2010. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Defendant argues that (1) the Court should suppress the statements of his co-defendants because officers obtained them in violation of the Fourth Amendment and (2) he did not knowingly enter a guilty plea because he did not understand that the statements of his co-defendants were inadmissible at trial.[1]

---

[1] Defendant's claims appear to be barred because he did not raise them on direct appeal, see United States v. Williams, 139 Fed. Appx. 974, 976 (10th Cir. 2005), and because in the plea agreement, he waived his right to file collateral challenges, see United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A court may raise procedural bars *sua sponte* but must afford
(continued...)

**I.     Admissibility Of Informant Testimony**

A voluntary guilty plea waives all non-jurisdictional defenses and challenges to an inmate's conviction. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990). The Tenth Circuit has noted as follows:

> The reason for this rule is well-established. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. at 1526 (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

Since defendant entered a plea of guilty, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." See United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) (quoting United States v. Broce, 488 U .S. 563, 569 (1989)). Based on the plea petition, the plea agreement and the Rule 11 colloquy, the Court finds that defendant's plea was counseled, knowing and voluntary. As to his first claim, defendant does not allege any deficiency in his plea or the plea process. Defendant has therefore waived his challenges to the

---

[1](...continued)
the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar sua sponte where transcendent interests served by that defense warrant it). Because defendant's claims obviously lack merit, in the interests of judicial efficiency, the Court proceeds directly to the merits of defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

On direct appeal, the Tenth Circuit enforced the plea agreement appeal waiver, which is contained in the same paragraph as the collateral challenges waiver. See Order And Judgment (Doc. #306) at 2; Plea Agreement ¶ 13. The Tenth Circuit noted that after review of the record, defense counsel could find no basis to oppose the government's motion to enforce the plea agreement. See Order And Judgment (Doc. #306) at 2.

admissibility of the statements of his co-defendants.

Even if defendant had not pled guilty, his claim lacks substantive merit. Defendant argues that the statements of his co-defendants must be suppressed because (1) his co-defendants made the statements shortly after officers had arrested them for possession of narcotics, (2) his co-defendants had not previously acted as informants and (3) the statements did not result in the discovery of drugs in defendant's possession. See Doc. #310 at 16-22 (citing Wong Sun v. United States, 371 U.S. 471 (1963)).[2] Defendant essentially argues that the testimony of a co-defendant is per se inadmissible and cannot support a guilty verdict.

It is well established that co-defendants or accomplices may testify. See 10th Circuit Pattern Criminal Jury Instructions Section 1.14 (testimony of accomplice may be received in evidence even though it is not supported by other evidence). Indeed, the uncorroborated testimony of a co-conspirator, so long as it is not incredible or unsubstantial, is sufficient evidence on which to base a conviction. United States v. Parada, 577 F.3d 1275, 1284 (10th Cir. 2009); United States v. McIntyre, 997 F.2d 687, 708 (10th Cir. 1993), cert. denied, 510 U.S. 1063 (1994); see United States v. Whaler, 219 Fed. Appx. 821, 825-26 (10th Cir. 2007) (accomplice testimony alone, even uncorroborated, may support conviction; jury evaluates issue of witness credibility). Defendant has not explained a reasoned basis for excluding the testimony of co-defendants. Indeed, defendant's plea of guilty, combined with the factual summary of the basis for the plea, suggest that the

---

[2] Wong Sun addressed the admissibility of a co-defendant's unsigned out-of-court declaration made after arrest. See 371 U.S. at 488. Here, defendant tries to extend Wong Sun to preclude in-court testimony of co-defendants.

statements of his co-conspirators were largely accurate summaries of defendant's involvement in the conspiracy.[3]

## II. Voluntariness Of Plea

Defendant's second claim challenges the voluntariness of his plea. In particular, defendant argues that he did not knowingly enter into a guilty plea because he did not understand that the statements by his co-defendants were inadmissible at trial. See Doc. #310 at 18. In part because this case did not proceed to trial, defendant cannot show that the government would have had to rely on any out-of-court statements by co-defendants. As explained above, testimony of co-defendants is not per se inadmissible and such testimony by itself is often sufficient to sustain a conviction. Here, defendant has not shown that the Court likely would have excluded the testimony of his co-defendants at trial or that at the time he pled guilty, he was under any material misunderstanding as to admissibility of statements or testimony of co-defendants. The Court therefore overrules defendant's motion as to the voluntariness of his plea.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory

---

[3] Defendant also argues that the Court erroneously attributed drugs to him even though the officers found the drugs in a house which was also occupied by his girlfriend, Azucena Alvarado-Martinez. See Doc. #310 at 15. Defendant cites no authority for the proposition that the Court cannot consider contraband which officers find in jointly-occupied property, particularly where the other occupant is a charged co-conspirator.

allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #310) filed September 3, 2010 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 4th day of January, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge