# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20160-02-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| MARTIN ARRENDONDO-VALENZUELA, | ) | No. 10-2497-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On January 4, 2011, the Court overruled defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #310) filed September 3, 2010 and denied a certificate of appealability as to the ruling on defendant's Section 2255 motion. <u>See</u> <u>Memorandum And Order</u> (Doc. #327) at 5. This matter is before the Court on defendant's <u>Motion For Extension Of Time To Reply To Government's Denial And Judge's Denial Of Petitioner § 2255 Pursuant To Habeas Corpus Rule 5</u> (Doc. #353) filed April 18, 2011, which the Court construes as a motion for leave to file a motion under Rule 60(b), Fed. R. Civ. P., and a motion for leave to reopen the time to appeal the denial of his Section 2255 motion.[1]

**I.   Motion For Leave To File A Rule 60(b) Motion**

Defendant asks for leave to respond to the Court's order which overruled his Section 2255 motion. Because a motion to alter or amend judgment would be untimely under Rule 59(e), Fed. R. Civ. P., the Court liberally construes defendant's motion as a request for leave to file a motion

---

[1]  Defendant also asks for an extension of time to file a reply to the government's response brief, <u>see</u> Doc. #353 at 2, but the government did not file a response. As explained in the Court's ruling on defendant's Section 2255 motion, because the files and records in this case conclusively showed that defendant was not entitled to relief, no evidentiary hearing or response by the government was required. <u>See</u> <u>Memorandum And Order</u> (Doc. #327) at 4-5.

for relief under Rule 60(b), Fed. R. Civ. P. Leave to file a motion under Rule 60(b) is not required, but defendant should note the timing and effect of a Rule 60 motion. See Fed. R. Civ. P. 60(c).

## II. Motion For Leave To Reopen Time To Appeal

Rule 4(a)(6), Fed. R. Civ. P., provides as follows:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Defendant has submitted a sworn declaration which states that he did not receive notice of the Court's order denying his Section 2255 motion until April 4, 2011. See Unsworn [sic] Declarations Under the Penalty Of Perjury (Doc. #353-1) filed April 18, 2011 at 2. Defendant's motion is timely under Rule 4(a)(6) and the Court finds that no party would be prejudiced. The Court therefore sustains defendant's motion for leave to reopen the time to appeal the denial of his Section 2255 motion and the denial of a certificate of appealability. Defendant may file an appeal of the Court's Memorandum And Order (Doc. #327) within 14 days of the entry of this order.

**IT IS THEREFORE ORDERED** that defendant's Motion For Extension Of Time To Reply To Government's Denial And Judge's Denial Of Petitioner § 2255 Pursuant To Habeas Corpus Rule 5 (Doc. #353) filed April 18, 2011, which the Court construes as a motion for leave to file a motion under Rule 60(b), Fed. R. Civ. P., and a motion for leave to reopen the time to appeal the

denial of his Section 2255 motion, be and hereby is **SUSTAINED in part**. **Defendant may file an appeal of the Court's <u>Memorandum And Order</u> (Doc. #327) filed January 4, 2011 within 14 days of the entry of this order.** The Court overrules as moot defendant's request for leave to file a Rule 60(b) motion because leave is not required.

Dated this 25th day of April, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge