**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20160-02-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| MARTIN ARRENDONDO-VALENZUELA, | ) | **No. 10-2497-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On January 4, 2011, the Court overruled defendant's <u>Motion Under 28 U.S.C. § 2255 To</u> <u>Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #310) filed September 3, 2010 and denied a certificate of appealability as to the ruling on defendant's Section 2255 motion. <u>See</u> <u>Memorandum And Order</u> (Doc. #327) at 5. On April 25, 2011, based on defendant's sworn statement that he did not receive notice of the Court's order denying his Section 2255 motion until April 4, 2011, the Court reopened the time for defendant to appeal the denial of his Section 2255 motion within 14 days of the entry of that order.[1] <u>See</u> <u>Memorandum And</u> <u>Order</u> (Doc. #355) at 2-3. This matter is before the Court on defendant's <u>Motion For Clarification</u> (Doc. #356) filed May 20, 2011.

Defendant states that he is confused as to the term "overruled" used in the <u>Memorandum And</u> <u>Order</u> (Doc. #355) filed April 25, 2011. Defendant asks the Court to clarify whether "he must challenge the integrity of this § 2255 proceeding via a Rule 60(b) motion or whether he may still

---

[1]       In the motion, defendant also asked for leave to respond to the Court's order which overruled his Section 2255 motion. The Court liberally construed defendant's motion as a request for leave to file a motion for relief under Rule 60(b), Fed. R. Civ. P., but noted that leave to file such a motion is not required.

utilize the remaining time available to him to re-file his Petition pursuant to 28 U.S.C. § 2255."

Doc. #356 at 2. In effect, defendant asks the Court to advise him whether his initial motion to vacate

counts as a prior motion for purposes of the bar to second or successive motions under 28 U.S.C.

§ 2255. Because defendant has not yet filed an additional Section 2255 motion, his request is not

ripe. A ruling on defendant's motion at the present time would constitute an advisory opinion. See

U.S. Const. art. III, § 2, cl. 1 (case and controversy requirement); United Pub. Workers of Am.

(C.I.O.) v. Mitchell, 330 U.S. 75, 89 (1947) (federal courts do not render advisory opinions); see

also United States v. Verners, 15 Fed. Appx. 657, 660 (10th Cir. 2001) (question of equitable tolling

not ripe until Section 2255 motion is filed). The Court therefore overrules defendant's motion for

lack of jurisdiction.[2] See United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439,

---

[2]     The Court has no desire to make a technical minefield of the Section 2255 process. Accordingly, although the Court does not decide whether defendant's prior motion counts for purposes of the bar to second or successive motions under 28 U.S.C. § 2255, the Court notes that its ruling on defendant's prior Section 2255 motion was on the merits. See Memorandum And Order (Doc. #327). It is generally well established that a party cannot "withdraw" a motion which has already been presented to and considered by the Court in an attempt to circumvent an adverse ruling on the merits. See generally Haro-Arteaga v. United States, 199 F.3d 1195, 1197 (10th Cir. 1999) (per curiam) (prior motions did not count under AEDPA where earlier motions not decided on merits or after district court engaged in substantive review); Felder v. Mc Vicar, 113 F.3d 696, 698 (7th Cir. 1997) (petitioner for habeas corpus cannot thwart limitations on second or successive motions by withdrawing first petition as soon as it becomes evident that district court is going to dismiss it on merits).

Defendant notes that he used the same attorney (Robin Martin) as some of his co-defendants but the Court specifically overruled the Section 2255 motions of his co-defendants without prejudice. Based in part on irregularities in the Section 2255 motions filed by Francisco Perea and Juan Mata-Soto (including listing the place of confinement for both defendants as "Leavenworth" with an address of "3579 E. Foothill Blvd. #762, Pasadena, CA 91107" ), Doc. #307 at 1, Doc. #308 at 1, the Court specifically ordered those defendants to show cause why the Court should not strike their Section 2255 motions because they did not personally sign them. See Order To Show Cause (Doc. #313) filed October 1, 2011 (Mata-Soto); Order To Show Cause (Doc. #313) filed October 1, 2011 (Perea). The Court essentially rejected the initial petitions of Perea and Mata-Soto because they did not comply with applicable rules. See O'Connor v. United States, 133 F.3d 548, 550 (7th

(continued...)

446 (1993) (exercise of federal jurisdiction depends on existence of case or controversy); see also

United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (federal court lacks jurisdiction to

consider timeliness of Section 2255 petition until petition is filed); United States v. Leon, 203 F.3d

162, 164 (2d Cir. 2000) (same).

To the extent that defendant's motion could be construed as one for an extension of time, the

Court has no authority to extend the statutory deadline in 28 U.S.C. § 2255. See Washington v.

United States, 221 F.3d 1354, 2000 WL 985885, at *1-2 (10th Cir. July 18, 2000); Leon, 203 F.3d

at 163-64; United States v. Miller, No. 06-cr-20080, 2008 WL 4541418, at *1-2 (C.D. Ill. Oct. 9,

2008). Congress has expressly limited the time in which a prisoner can bring a Section 2255 motion

to one year after his conviction becomes final, and any extension of this time period contravenes

---

[2](...continued)
Cir. 1998) (first petition not counted where it was returned for failure to comply with applicable
rules). In contrast, Arrendondo-Valenzuela filed a motion which appeared to comply with the
applicable rules and listed his place of confinement as "Bea[u]mont Federal Correctional Complex
P.O. Box 26030, Beaumont, TX 77720." Doc. #310 at 1.
    Defendant suggests that Robin Martin was ineffective because certain arguments were not
raised in the Section 2255 motion. Defendant cannot raise an ineffective assistance claim against
Martin because he has no constitutional right to counsel in a Section 2255 proceeding. See
McCleskey v. Zant, 499 U.S. 467, 495 (1991) (no constitutional right to counsel in federal habeas
corpus); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (right to appointed counsel extends to
first appeal of right and no further). To the extent that defendant asks the Court to strike his initial
Section 2255 motion because Martin helped on the motion, the Court overrules defendant's request.
Defendant does not assert that Martin filed the motion and the fact that Martin may have given him
erroneous advice by itself does not warrant re-opening the matter to allow defendant to file a second
Section 2255 motion. Moreover, to the extent that defendant maintains that the motion does not
include all of the arguments that he intended to raise, he does not explain why he did not object to
the filing of the motion when he received notice on September 20, 2010 that the Court had received
his motion and was opening up a new civil case. See Doc. #4 in Case No. 10-2497 (identifying
certified tracking number for notification of new case which was received on September 20, 2010
in Beaumont, Texas).

Congress' clear intent to accelerate the federal habeas process. <u>Washington</u>, 2000 WL 985885, at *1.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Clarification</u> (Doc. #356) filed May 20, 2011 be and hereby is **OVERRULED**.

Dated this 20th day of June, 2011 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
