**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CRIMINAL ACTION** |
| Plaintiff, | ) | **No. 08-20160-02-KHV** |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **No. 16-2480-KHV** |
| MARTIN ARRENDONDO-VALENZUELA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On November 12, 2009, the Court sentenced defendant to 360 months in prison.  This matter is before the Court on defendant's <u>Motion Pursuant To 28 U.S.C. § 1651 "All Writs Act" Motion For Relief</u> (Doc. #441) filed March 7, 2016, defendant's <u>Motion Pursuant To 28 U.S.C. § 2255(e) Johnson v. United States (2015), Claim Motion To Preserve Issues, Welch v. U.S. Retroactivity</u> (Doc. #462) filed July 5, 2016, defendant's <u>Motion Requesting Appointment Of Counsel</u> (Doc. #463) filed July 5, 2016, the government's <u>Motion To Dismiss Defendant's Second Or Successive Motion To Vacate Sentence Under 28 U.S.C. § 2255</u> (Doc. #468) filed July 11, 2016 and defendant's <u>Motion To Recuse</u> (Doc. #467) filed July 11, 2016.[1]

**I.    Motion For Recusal**

Defendant asks the undersigned judge to recuse from deciding his Section 2255 and related motions because of "personal bias or prejudice" against him and "collectively all Mexican/Hispanic defendants charged with drug related charges in the Kansas City and surrounding areas."  <u>Motion</u>

---

[1]    Defendant filed a "corrected version" of his reply which the Court construes as a motion for leave to file an amended reply.  <u>See</u> <u>Reply To The Government's Opposition "Corrected Version"</u> (Doc. #469) filed July 18, 2016.  Because the amended reply appears to involve minor changes primarily related to formatting, the Court sustains defendant's request to file an amended reply.

To Recuse (Doc. #467) at 2; Motion Pursuant To 28 U.S.C. § 1651 (Doc. #441) at 58.

Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1) (judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the Court. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939.

Here, defendant asserts that the undersigned judge misapplied the law. Motion Pursuant To 28 U.S.C. § 1651 (Doc. #441) at 59. Adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-55 (1994). Defendant has not identified any such stated opinions. As to adverse rulings, defendant has the potential remedy of an appeal to address any claims that the Court misapplied the law.

Defendant next asserts that the undersigned judge stated that race "could be considered as a factor pursuant to [Section] 3553." Motion Pursuant To 28 U.S.C. § 1651 (Doc. #441) at 59. Defendant has misinterpreted the Court's comments at the change of plea hearing in which the Court

-2-

stated as follows:

> Basically, I can consider any information which comes to the Court's attention so long as the information is reliable and is not illegal to consider such as your race, religion, sex, and that sort of thing.

Transcript Of Change Of Plea Hearing (Doc. #289) at 26.  The Court did not consider race as a factor in defendant's sentence.

Finally, defendant claims that the undersigned judge historically has sentenced "Hispanics, more severely than Whites, with the same or similar charges and behavior."  Motion Pursuant To 28 U.S.C. § 1651 (Doc. #441) at 59.  Defendant states that his assertion "is easily verified, simply by reviewing cases from the (10th) Tenth Circuit's, from Judge Vratil's courtroom, on the institution's 'simple' limited research computers."  Id.  Defendant has not cited any statistics and the Court is not aware of any readily available statistics which show a comparative analysis of sentences for a particular judge based on race and type of crime.[2]  In any event, statistics alone cannot support a claim of recusal, particularly in the criminal context in which Court sentences each criminal defendant based on an array of factors.  See 18 U.S.C. § 3553(a); see also Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984) (unfavorable rulings alone legally insufficient to require recusal on grounds of personal bias even when number of unfavorable rulings extraordinarily high on statistical basis); In re Int'l Bus. Machines Corp., 618 F.2d 923, 930 (2d Cir. 1980) (trial judge must be free to make rulings on merits without apprehension that if she makes

---

[2]     Defendant cites a judicial complaint against the undersigned judge, but the Judicial Council of the Tenth Circuit dismissed the complaint.  The Judicial Council found that the complaint lacked "factual allegations or other evidence" and that the claims were "completely unsupported." Order [Re Complaint No. 10-10-90053] filed December 8, 2010 at 2 (C.J. Briscoe), available at http://www.ca10.uscourts.gov/ce/misconduct/opinions, affirmed by Order [Of The Circuit Executive] filed January 26, 2011.

disproportionate number in favor of one litigant, she may have created impression of bias; judicial independence cannot be subservient to statistical study of calls she has made during litigation).

A reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge.  The conduct and comments here were based upon the case before the undersigned judge, not some extra-judicial source, and they do not reflect deep-seated favoritism or antagonism that would make fair judgment impossible.  See Liteky, 510 U.S. at 555-56 (expressions of impatience, dissatisfaction, annoyance and even anger do not support bias challenge unless they display deep-seated favoritism or antagonism); United States v. Wisecarver, 644 F.3d 764, 771-72 (8th Cir. 2011) (no reasonable observer would have perceived that judge could not continue to rule impartially in subsequent proceedings despite comment at sentencing that defendant's factual argument was "just a figment of his imagination" and finding for sentencing purposes that defendant committed assault despite jury acquittal on that count); United States v. Stewart, 378 F. App'x 773, 776-77 (10th Cir. 2010) (recusal not required based on comment that defendant "cannot control himself in any context, let alone before a jury"); Hinman, 831 F.2d at 939 (judge should not recuse on unsupported, irrational or highly tenuous speculation); cf. Berger v. United States, 255 U.S. 22, 28 (1921) (finding extreme bias where district judge stated that it was difficult "not to be prejudiced against the German Americans" because "[t]heir hearts are reeking with disloyalty").  The Court therefore overrules defendant's motion under Section 455(a).[3]

Here, defendant has not pointed to any facts, and the Court is aware of none, which would cause a reasonable person to question the impartiality of the undersigned judge.

---

[3]     In addition, under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party.  The undersigned has no such bias or prejudice against defendant.  See Liteky, 510 U.S. at 554-55 (bias and prejudice must come from extrajudicial source).

**II.     Motion Pursuant To All Writs Act (Doc. #441)**

Writs under the All Writs Act, 28 U.S.C. § 1651, such as *audita querela* and *coram nobis*

are unavailable to a defendant when other remedies exist (such as a motion to vacate sentence under

28 U.S.C. § 2255).[4]  See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).  After a

defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a

challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective.  See

United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164,

166 (10th Cir. 1996).  Failure to obtain relief under Section 2255 does not establish that the remedy

so provided is either inadequate or ineffective.  Bradshaw, 86 F.3d at 166.  A defendant cannot avoid

the bar against successive Section 2255 petitions by simply styling a petition under a different name.

Torres, 282 F.3d at 1246.  Because defendant has filed a separate motion to vacate his sentence

under Section 2255, the Court overrules defendant's motion under the All Writs Act rather than

construing it as a Section 2255 motion.[5]

---

        [4]      The writ of *audita querela* is used to challenge a judgment that was correct at the
time it was entered but which would be unjust to execute because of matters which arose after it was
entered.  Torres, 282 F.3d at 1245 n.6; Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153
(10th Cir. 1946).  The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue
in the criminal context.  See United States v. Ballard, 334 F. App'x 141, 143 (10th Cir. 2009).
        A writ of *coram nobis* is available only to correct errors resulting in a complete miscarriage
of justice, or under circumstances compelling such action to achieve justice.  28 U.S.C. § 1651(a);
United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994).  A defendant may seek a writ of *coram
nobis* if he is no longer in custody and therefore ineligible for relief under 28 U.S.C. § 2255.  United
States v. Estrada, 580 F. App'x 672, 673 (10th Cir. 2014) (citation omitted).

        [5]      In part, defendant asserts that he is entitled to relief under Amendments 750 and 782
to the Sentencing Guidelines.  Motion Pursuant To 28 U.S.C. § 1651 (Doc. #441) at 21-23.
Amendment 750 implemented portions of the Fair Sentencing Act of 2010, Pub. L. No. 111–220,
124 Stat. 2372 ("FSA"), and reduced the crack cocaine/powder cocaine ratio to 18:1 in the
Sentencing Guidelines.  Amendment 782 took effect November 1, 2014 and generally lowers by two
levels the base offense levels in the Drug Quantity Table.  Amendment 750 does not apply because
(continued...)

**III.     Motion To Vacate Sentence Under Section 2255 (Doc. #462)**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked the requisite jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court dismisses the motion rather than transferring it to the Tenth Circuit Court of Appeals.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial

---

[5](...continued)
the Court determined defendant's offense level based on the quantity of methamphetamine, not crack cocaine.  Defendant is not eligible for relief under Amendment 782 because his offense level remains the same under the amended guidelines.  In particular, defendant's base offense level remains level 38 because the Court attributes at least 78.93 kilograms of methamphetamine to him.  Presentence Investigation Report (Doc. #199) ¶ 59; see U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2016) (base offense level of 38 for 45 kilograms or more of methamphetamine).

resources to require transfer of frivolous, time-barred cases).  A second or successive motion under

28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion

contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a

whole, would be sufficient to establish by clear and convincing evidence that no reasonable

factfinder would have found the movant guilty of the offense or (2) a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable.  28 U.S.C. § 2255(h).

Defendant argues that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551

(2015).  In Johnson, the Supreme Court held that the residual clause portion of the "violent felony"

definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is

unconstitutional under the void-for-vagueness doctrine.[6]  135 S. Ct. at  2557-60, 2563; see Welch

v. United States, 136 S. Ct. 1257, 1260-61 (2016).

Defendant argues that based on the reasoning in Johnson, this Court improperly enhanced

his sentence as a career offender under the ACCA and the Guidelines.  Motion Pursuant To 28

U.S.C. § 2255 (Doc. #462) at 3.  The Court sentenced defendant based on his conviction under

21 U.S.C. § 846 (conspiracy to possess with intent to distribute 50 grams or more of

methamphetamine).  Accordingly, the ACCA did not apply to defendant's sentence.  At sentencing,

the Court determined defendant's base offense level without reference to any prior "crimes of

violence."  The Court did not enhance defendant's offense level or his criminal history category

---

[6]     Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

based on the career offender guideline.[7]  In sum, because the Court did not rely on the ACCA or any

Guidelines provision which requires a conviction of a "crime of violence" or other similar

convictions, Johnson has no potential impact in this case.  Accordingly, the Court dismisses

defendant's successive motion to vacate his sentence based on Johnson and declines to transfer the

motion to the Court of Appeals for processing.[8]

## IV.    Motion For Appointment Of Counsel (Doc. #463)

Defendant seeks counsel to assist with his motion to vacate.  Defendant has no constitutional

or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the

Court determines that an evidentiary hearing is required.  Rule 8(c) of the Rules Governing

Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v.

Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State

Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).  In determining whether to appoint counsel

in a civil case, the Court considers several factors including (1) the merit of the litigant's claims;

---

[7]    Defendant's total offense level was 42, with a criminal history category I, resulting in a guideline range of 360 months to life in prison.  At sentencing, the Court found a base offense level of 38 because defendant was held accountable for 78.93 kilograms of methamphetamine. U.S.S.G. § 2D1.1(c)(1).  The Court added two levels because defendant possessed a firearm in connection with the offense, U.S.S.G. § 2D1.1(b)(1), two levels because the offense involved importation of methamphetamine from Mexico, U.S.S.G. § 2D1.1(b)(4)(a) [Section 2D1.1.(b)(5)(a) in current version] and three levels because defendant was a manager or supervisor in a criminal activity involving five or more participants, U.S.S.G. § 3B1.1(b).  The Court subtracted three levels because defendant timely accepted responsibility.  U.S.S.G. § 3E1.1.

[8]    In addition to his arguments under Johnson, defendant's reply argues that the Court erred by applying various enhancements under the Guidelines and that he is entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000).  Reply To The Government's Opposition "Corrected Version" (Doc. #469) at 14-20.  Defendant cannot pursue such a claim in a successive Section 2255 motion because it is not based on newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).  Therefore the Court also declines to transfer defendant's motion on any non-Johnson claims.

(2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not entitled to counsel.  As explained above, defendant's claim lacks substantive merit.  Moreover, defendant's claim is not particularly complex factually or legally and he is able to adequately present his claim.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To 28 U.S.C. § 1651 "All Writs Act" Motion For Relief (Doc. #441) filed March 7, 2016 is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's Motion Pursuant To 28 U.S.C. § 2255(e) Johnson v. United States (2015), Claim Motion To Preserve Issues, Welch v. U.S. Retroactivity (Doc. #462) filed July 5, 2016 is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's Motion Requesting Appointment Of Counsel (Doc. #463) filed July 5, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government's Motion To Dismiss Defendant's Second Or Successive Motion To Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #468) filed July 11, 2016 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Recuse (Doc. #467) filed July 11, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Reply To The Government's Opposition "Corrected Version" (Doc. #469) filed July 18, 2016, which the Court construes as a motion for leave to file an amended reply, is **SUSTAINED**.

-10-

Dated this 21st day of December, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge